Mr. Justice Scott delivered the opinion of the Court. When the facts of a case like this have been ascertained, the reasonableness of the diligence is a question of law. (Jones v. Robinson, 6 Eng. R. p. 511.) In this case, however, it does not specifically appear what facts, the Court setting as a jury, found from the evidence; and under the evidence, as contained in the bill of exceptions, we might be authorized, under the rule of presumption in favor of the verdict and judgment, to conclude that that particular state of facts was found which would place the affirmance of the judgment beyond all question; because it cannot be said that a finding that the notice in question came to the hands of Lewis on the same day that he deposited it in the postoffice, for the drawer of the bill, would be without evidence. We shall consider the case, however, as if the finding as to this point had been that it in fact came to his hands the day before about “ the middle of the afternoon.” And this is, perhaps, most probable, from the fact that he was post-master at Hartford, and would be presumed under the proof of that fact, to be ■ in personal discharge of his duties as such, in the absence of all evidence to the contrary. All the authorities agree, that in fixing the liability of consecutive parties to a bill by notices from one to the other, the party receiving notice is never bound to forward it to the party to be fixed immediately above him on the same day that it reaches him, but may wait until the next day. When, however, we advance beyond this, and endeavor to ascertain precisely at what particular future point of time the notice must imperatively be given, in fact forwarded by packet or deposited in the postoffice, there is much contrariety of opinion. Upon examination of the numerous cases, however, that have been decided upon this latter point, it will be found, that with a view to the same end, two general rules have beeen, more than any other insisted upon. 1st. If it is to be sent by mail, (and the same principle is applied to other cases,) that it must at farthest be put in the post-office in time to go by the mail of the day next succeeding that on which the notice came to hand, if there be a mail that goes that day, and if not, then by the first mail which goes thereafter 2d. That each party, through whose hands a dishonored bill may / pass, shall be allowed one entire day of twenty-four horn’s for giving notice; and, cons equntly, that it will be sufficient if he deposits the notice in the postoffice in time to go by the first mail that departs after the expiration of twenty-four hours from the time that he receives it. We shall not notice other efforts at an exact rule, because we think that all the cases indicating such, may be resolved into one or the other of these more comprehensive propositions. And we think, that when tested by reason and their practical operation as shown by cases that have come up, each of these two general rules are obnoxieus to serious objection. The first, for instance, will, in some cases,(be utterly subversive in all that is substantial, of that proposition of law which we have first laid down as sustained with entire unanimity by the authorities,.that a party shall not be bound to forward the notice the same day that it may reach him, but may wait until the next day; because by its terms it will equally bind him to deposit the notice in the postoffice if the mail departs within the first hour of the next day, whether it may have reached him on the last hour of the last or of any previous hour of that day. And, although no such extreme case has come up for adjudication^ yet various cases have arisen where, to-prevent this absurdity, the courts have held, that when the mails depart at such an early hour of the morning of the next day as to have made it the usual practice of the postmaster to make it up and prepare it for delivery to the carrier the night before, although at a late hour; that such a mail was not within the rule, and other like exceptions have been made. Demmods v. Kirkman, 1 Sm. & Mar. R. 656. Wemple v. Dangerfield, 2 S. & M. R. 450. And so the second rule will often operate with unreasonable severity against the party where liability is to be fixed in postponing the notice in effect to the second instead of the first business day after the receipt of the notice, in those cases where the notice might come to hand at the close of the business hours of the day, and the mails departed in the earlier business hours. And where mails departed weekly only, and packets monthly, and each within the earlier business hours of the day, great delay and injustice might result. This working of the latter rule has induced the adoption of the former one, which is the moi-e modern: and the practical working of the foi’mer has, in turn, made it necessary, as we have seen, to except particular cases from its operation. And the reasons given by the courts for these exceptions combined with the legitimate sway of the unbroken rule that the party is not bound to deposit the notice in the postoffice the same day that it comes to his hands, but may wait until the next, very clearly, in our opinion, sustains a general qualification of the first of these general rules, which, when firmly engrafted upon it, would seem to render the rule itself, with this qualification, entirely free from just criticism and supersede the necessity of insisting upon the second - to soften the rigor of the first when administered without the qualification. And that qualification is this: that the notice will be in time if deposited in the postoffice in season to go by the first mail that departs after the commencement of the ordinary mercantile business hours of the day next succeeding that in which the notice came to hand. The reason always given by the courts for exempting a party . from the duty of depositing the notice in time to be sent off by the mail of the next succeeding day, when that mail departed at an unusually early hour, is the obvious one, that to hold the contrary would be in effect to require the party virtually to deposit the notice in the postoffice the same day that it reached him, from which, as we have seen, all the authorities exempt him. And the qualification of the rule that we favor is even more than sustained by the observation of Judge Cowen in the case of Howard v. Ives (1 Hill’s R. at p. 265.) He says, “The next day means the next business day,” * * * * and, “ It is urged that the morning post was neglected, but the mail for that post closed before the common business horns. The question is, whether the holder used ordinary diligence ? It is not necessary to say, that in all cases where there are several mails on the same day, the party may elect by which he will send. Clearly he comes to the marie when he selects that post which leaves next -after the hours of business commence for the day. This is the next practicable or convenient post.” See also Meads v. Engs, 5 Cow. R. 307, per Sutherland, Judge. Story on Bills, Ch. 9, § 288, p. 337. And thus, based on reason, and supported by authority, we shall' adopt the first of these two general rules with this qualification engrafted upon it as the true exposition of the law; and when we apply it to the facts of the case at bar, as we have considered them in the strongest light for the appellants, it is clear that the diligence was sufficient to fix the drawers of the bill in question; because the evidence shows that the mail departed at the early hour of 7 o’clock, a. m., which, even at that season of the year, was at least some two hours before the commencement of the ordinary proper mercantile hours of business for that day, as we know, as a part of “ the general customs and usages of merchants,” as “well as of the general customs of our own country,” and as a matter that is “generally known.” (1 Greenl. on Ev. 63, 64, § 5, 6.) Finding no error in the record, the judgment of the court below must be affirmed with costs.